**HOLMES v. SOUTHERN PAC. CO. et al.**

No. 3440.

Court of Civil Appeals of Texas. El Paso.

Nov. 19, 1936.

Rehearing Denied Dec. 10, 1936.

John T. Hill and H. A. Van Tassel, both of El Paso, for appellant.

Kemp, Nagle & Smith, of El Paso, and Baker, Botts, Andrews & Wharton, of Houston, for appellees.

PELPHREY, Chief Justice.

At about 6:30 on the evening of February 11, 1935, appellant was on her way from the Public Library in El Paso, Tex., to her home. She was walking along the west side of Oregon street in a southerly direction. A railroad runs along Main street in the city of El Paso and crosses Oregon street a short way. south of the Public Library. A switch engine belonging to the Texas & New Orleans Railroad Company reached the crossing over Oregon street at about the same time that appellant approached the crossing from the north. While appellant was attempting to pass over the railroad crossing, she was either struck by the switch engine and was injured or in trying to avoid being hit by it she fell and injured herself. Appellant filed this suit against appellees, alleging that they were co-operating in the business of common carriers of freight and passengers in El Paso. She sought a recovery on the ground that appellees were negligent in operating the engine at too high a rate of speed; in not keeping the signal light in repair so that it would change from green to red upon the approach of the engine; that the street signal light failed to turn red and led her to believe that the engine was not approaching; and in not having one of the engine men go ahead of the engine to warn .of its approach; and that the engineer discovered her peril in time to have avoided injuring her.

Appellees answered by a general denial and pleas of contributory negligence.

In a supplemental petition appellant denied the allegations of contributory negligence; alleged that the signal lights were improperly constructed and invisible to pedestrians; and realleged that the light was green when she went upon the railroad track.

The jury found that appellant was not struck by the engine; that she was caused to fall by the approach of the engine; that the engineer discovered her peril; that he realized the peril of her position, but not soon enough to have stopped the engine and avoided her falling, by the use of ordinary care and the means at hand; that she was injured at the time and place alleged by her; and that $250 would reasonably compensate her for such injuries.

Judgment was rendered that appellant take nothing, and this appeal followed.

Opinion.

The first question presented by appellant relates to the argument of counsel for appellees. The bill of exceptions, complaining of the argument, reads: "Be it remembered that upon the trial of the above styled and numbered cause, said cause was submitted to the jury upon the sole question of discovered peril and that the attorneys for defendants in arguing said cause, discussed evidence that was introduced on the trial consisting of a City Ordinance establishing a Signal Light

System and evidence showing that said lights were in good condition, that the red light signalling danger was on at the time plaintiff was injured and that plaintiff undertook to cross the track without looking for the approaching engine at the time and prior to the time of the injury; whereupon plaintiff's counsel objected to the argument, the objection being that it was upon an issue of contributory negligence that was not submitted to the jury and tended to lead the jury to believe that contributory negligence on the part of the plaintiff was a defense in said cause, and further objected that said evidence was immaterial upon the issue of discovered peril and plaintiff, through her counsel, then and there excepted to the argument of said counsel as above set forth, and here and now requests that the court examine, approve and sign this bill of exception, and order the clerk to file the same as a part of the record in said cause."

The language used is not shown either in this bill of exceptions or the assignments presenting the question, and for that reason alone should be overruled. 3 Tex. Jur. §.344, p. 489.

It is nowhere contended that the facts discussed were outside the record, and we can readily see where the questions of the ordinance permitting the installation of warning lights; the manner in which appellant went upon the track; and the fact that the signal light was burning could properly be discussed in connection with the issue of discovered peril. Not having the language complained of before us, we do not feel justified in reversing the judgment on this score.

■ Appellant next charges the jury was guilty of misconduct in considering the fact as to the signal being red at the time she attempted to cross the tracks and considering the fact of her negligence in attempting to cross the tracks in front of the engine and against the red light signal.

Appellant in her argument contends that the jurors' consideration of these questions influenced their decision on the issue of discovered peril. While there is some evidence tending to support such contention, there is other evidence showing that the jurors answered the issue in the negative solely because they thought the engineer could not have stopped the engine in time to have avoided appellant's falling.

This evidence, to say the least, raised a fact issue for the trial court. We cannot say the court abused his discretion in finding against appellant's assertion of misconduct.

■ Appellant's last complaint is that the verdict should have been set aside and a new trial granted, and that it is fundamental error for a jury to return a verdict answering issue No. 12 in the negative when one of the jurors at all times voted "yes" on the question. We have carefully studied the testimony of the juror Rose and, while we find that he testified that he believed that the engineer could have stopped the engine and prevented the accident, and so voted, we also find him testifying that the whole jury voted that the engineer could have avoided the accident; that the foreman did not put any question until all the jurors came to an agreement on it; and that he understood that they had all agreed in answer to issue No. 12 that the engineer could have stopped in time to have avoided injury to appellant.

This testimony was disputed by all the other jurors who testified. We also find that he, on cross-examination, said:

"Q. Now, twelve, 'Do you find from a preponderance of the evidence that the engineer complained of realized plaintiff's peril, if any, in time, by the use of ordinary care in the use of the means at hand, to have stopped his engine and avoided plaintiff's falling,' you answered that 'no', didn't you? A. Yes, sir.

"Q. That is the way you answered it? A. Yes, sir.

"Q. You answered just like the rest? A. Yes.

"Q. You all answered that no? A. Yes, sir.

"Q. That he could not have stopped his engine in time to have prevented the plaintiff from falling, you answered that no? A. Yes.

"Q. That no, in answer to twelve, is right? A. Well, that is the way we answered it."

We certainly do not feel that we would be justified in finding misconduct upon such uncertain and conflicting evidence, and especially in face of the positive declarations of the other jurors that the negative answer to issue No. 12 was correct.

Finding no errors warranting a reversal of the judgment, it will be affirmed.